# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2013

Lyle W. Cayce
Clerk

No. 12-10583
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDIS SARBELIO MOLINA, also known as Fredis Sarbelio Molina-Palacios,

Defendant-Appellant

Cons. w/ No. 12-10595

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS MOLINA,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-187-1
USDC No. 4:11-CR-186-1

No. 12-10583
c/w No. 12-10595

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Fredis Sarbelio Molina and his brother Carlos Molina (collectively the Molinas) were charged in separate indictments with being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326. They entered conditional guilty pleas, reserving their right to appeal the district court's denial of the motions to dismiss their indictments for violations of the Speedy Trial Act. The Molinas' appeals have been consolidated.

The Molinas contend that the district court erred in denying their motions to dismiss. They argue that they were arrested for purposes of the Speedy Trial Act once the Bureau of Immigration and Customs Enforcement's (ICE) Violent Criminal Alien Section (VCAS) "decided to prosecute them" and that the lack of any effort to effectuate their removal demonstrates that the primary purpose of their immigration detention was to hold them for future criminal prosecution. "We review the district court's factual findings regarding a Speedy Trial Act motion for clear error and its legal conclusions *de novo*." *United States v. De La Pena-Juarez*, 214 F.3d 594, 597 (5th Cir. 2000).

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If an indictment or information is not filed within the time limit set forth in § 3161(b), as extended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by § 3161(h), the charges against the individual shall be dismissed.  18 U.S.C. § 3162(a)(1).

"On its face, the thirty-day requirement applies only to an indictment issued in connection with the [federal criminal] offense for which the defendant was arrested." *De La Pena-Juarez*, 214 F.3d at 597.  Further, as a general rule, the Speedy Trial Act is not implicated when a defendant is detained on civil deportation charges. *Id.* at 597-98.  However, we have recognized an exception to that rule, holding that the Speedy Trial Act is triggered "where the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." *Id.* at 598.  This "ruse exception" is "an effective way of protecting against the possibility of collusion between federal criminal authorities and civil or state officials." *Id.*

The Molinas' contention that the VCAS should be considered a federal criminal authority for purposes of the ruse exception is unpersuasive.  Further, our review of the record and the testimony presented at the evidentiary hearing supports the district court's determination that the ruse exception was not applicable in the instant cases.  Because the Molinas admitted that they had been previously removed following aggravated felony convictions and that they were in the United States illegally, ICE was authorized to detain them pending their removal.  Further, the record reflects that the Molinas were being held for removal.  Although ICE did not attempt to remove the Molinas while the VCAS considered whether to recommend criminal prosecution in their cases, there was no evidence of collusion between the VCAS and the United States Attorney's Office.  Specifically, the Molinas did not present any evidence that the United States Attorney's Office knew of their detention before October 27, 2011, when Carlos's case was referred to it for possible

criminal prosecution.  Likewise, there was no evidence that the United States Attorney's Office encouraged ICE to delay the Molinas' removal, and the 54-day delay between the Molinas' immigration arrests and their criminal indictments does not support an inference of collusion.  As we observed in *De La Pena-Juarez*, "[t]he fact that federal criminal authorities might have known about [the alien's] detention . . . does not necessarily support a conclusion that they colluded with . . . [ICE] to detain [the alien]."  *Id.* at 600; *see also United States v. Pasillas-Castanon*, 525 F.3d 994, 998 (10th Cir. 2008) ("The mere fact that the detaining authorities are aware other potential criminal charges are available does not trigger the [ruse] exception.").  Therefore, the district court's determination that the Molinas failed to demonstrate that the primary or exclusive purpose of their immigration detention was to hold them for future criminal prosecution was not clearly erroneous, and the district court did not err in denying their motions to dismiss.  *See De La Pena-Juarez*, 214 F.3d at 599-600.

The Molinas also contend that the district court erred when it denied their motions for a downward departure based on their cultural assimilation. Although they acknowledge that we have held that we lack jurisdiction to review the denial of a downward departure, the Molinas argue that the only statutory basis for this jurisdictional limitation was excised by the remedial opinion in *United States v. Booker*, 543 U.S. 220 (2005).

Post-*Booker*, we have held that we lack jurisdiction to review the denial of a downward departure unless the denial was based on the district court's erroneous belief that it lacked the authority to depart.  *United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008); *United States v. Hernandez*, 457 F.3d 416, 424 & n.5 (5th Cir. 2006).  The Molinas do not argue that the district court denied their motions for a downward departure because the court mistakenly

No. 12-10583
c/w No. 12-10595

believed that it had no authority to depart.  Therefore, we lack jurisdiction to review the district court's denial of the Molinas' motions for a downward departure.  *See Lucas*, 516 F.3d at 350; *Hernandez*, 457 F.3d at 424 & n.5.

Accordingly, the district court's judgments are AFFIRMED in part and DISMISSED in part for lack of jurisdiction.